UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEIMIN CHEN, for Himself, as a Private Attorney General, and/or On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUR LA TABLE, INC.; SLT HOLDCO, INC.; SLT LENDING SPV, INC.; SLT IP HOLDINGS, LP; CSC GENERATION HOLDINGS, INC.; and JOHN DOES 1 - 5, inclusive,<br><br>Defendants | Case No.<br><br>CLASS ACTION<br><br>**DEFENDANTS NOTICE OF REMOVAL**<br><br>**[28 U.S.C. § 1332(d)(2)]** |

PLEASE TAKE NOTICE that Defendants SLT Holdco, Inc., SLT Lending SPV, Inc., SLT IP Holdings, LP, and CSC Generation Holdings, Inc. (collectively, "Defendants"), defendants in the above-referenced action, which was originally commenced in the Superior Court of Washington for King County, captioned *Weimin Chen v. Sur La Table, Inc.*, Case No. 21-2-02550-8 SEA, hereby invokes the removal jurisdiction of the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453 and Federal Rule of Civil Procedure, Rule 81(c), asserting original federal jurisdiction under 28 U.S.C. §§

DEFENDANTS' NOTICE OF REMOVAL - 1
Case No.
SMRH: 4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 Fax: 415.434.3947

1332(d)(2) and 1453(b).  This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons:

## I.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  In particular, this Court has jurisdiction under CAFA, codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is styled as a class action in which:  (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) minimal diversity exists between the plaintiffs and defendants, i.e., any member of the class of plaintiffs is a citizen of a state different from any defendant.  28 U.S.C. §§ 1332(d)(2) and (d)(4).  Paragraphs 3 through 26 below provide a detailed basis for this removal.  Defendants have also satisfied all procedural requirements of 28 U.S.C. § 1446 and thus remove the action to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## II.

## PROPER DISTRICT

2. Pursuant to 28 U.S.C. § 1446(a), this case should be assigned to the Western District of Washington, because the civil action on which this removal is based was filed in King County, Washington.

## III.

## STATEMENT OF THE CASE

3. On February 24, 2021, Weimin Chen ("Plaintiff") filed a class action complaint ("Complaint") against Sur La Table, Inc. alleging claims arising out of its transmission of emails with allegedly misleading subject lines to Plaintiff.  Complaint, ¶¶ 1, 11, 33.  The Complaint alleged a class of Washington residents.  *Id.*, ¶ 36.  On March 10, 2021, Plaintiff filed an amended

DEFENDANTS' NOTICE OF REMOVAL - 2
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

complaint ("FAC") against Sur La Table, Inc., joining Defendants for the first time as parties to the action, stating the same allegations. FAC, ¶¶ 1, 17, 39.

      4.      Plaintiff seeks for the first time in the FAC to certify a Class of:

> All residents of the United States of America who received a commercial email that: (1) was transmitted by or at the behest of Sur La Table on or after December 10, 2020, and (2) contained in the subject line the phrase "xx% Off Your Purchase," "xx% Off Your Order," "xx% Off One Item," or similar language.

*Id.*, ¶ 42.

      5.      Plaintiff seeks in the alternative to certify a Sub-Class of:

> All residents of the State of Washington who received a commercial email that: (1) was transmitted by or at the behest of Sur La Table on or after December 10, 2020, and (2) contained in the subject line the phrase "xx% Off Your Purchase," "xx% Off Your Order," "xx% Off One Item," or similar language.

*Id.*, ¶ 44.

      6.      Plaintiff alleges the "Class easily comprises tens of thousands of people in the United States of America" and the "Sub-Class easily comprises thousands of people in the State of Washington." *Id.*, ¶ 47.

      7.      Plaintiff, on behalf of himself and the alleged Class or Sub-Class, seeks a judgment awarding Plaintiff and the proposed Class or Sub-Class members various remedies including "statutory damages of $500 … for each commercial email that each Defendant transmitted to each" Class or Sub-Class member "on or after December 10, 2020, that contained false or misleading information in the subject line;" (b) actual damages; (c) nominal damages; and (d) attorneys' fees. *Id.*, Prayer for Relief, p. 26-27.

## IV.

## THE REQUIREMENTS FOR REMOVAL UNDER CAFA ARE SATISFIED

      8.      CAFA was enacted "to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). The Supreme Court has held, that there is no presumption against removal of CAFA actions and the statute's

DEFENDANTS' NOTICE OF REMOVAL - 3
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

provisions "should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id*.

9.  To invoke removal jurisdiction, a defendant's notice of removal need only include "a short and plain statement of the grounds for removal." *Dart*, 135 S.Ct. at 553. "Congress . . . intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* (internal quotations omitted). In determining whether the requirements of removal have been satisfied, this Court may also rely upon the allegations of Plaintiff's Complaint, taken as true for purposes of removal. *Levine v. BIC USA, Inc.*, 2007 U.S. Dist. LEXIS 60952, *16-17 (S.D. Cal. Aug. 19, 2007) (applying allegations in complaint that amount in controversy did not exceed $74,999.99 as to each putative class member to determine that the $5 million jurisdictional threshold under CAFA was satisfied); *Korn v. Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1203 (E.D. Cal. 2008) ("plaintiff is bound by the allegations in the complaint that assert defendant's citizenship" for diversity purposes). A defendant need *not* submit evidentiary support with its notice of removal. *Dart*, 135 S.Ct. at 551 ("A statement 'short and plain' need not contain evidentiary submissions."). Under CAFA, an "action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

10. For cases involving class allegations, CAFA confers original jurisdiction on a district court where (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the amount in controversy exceeds $5,000,000 (exclusive of interest and costs), and (3) any member of the class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

**A.   Timeliness**

11. Plaintiff's Complaint was filed on February 24, 2021. The Complaint was not removable because there was not minimal diversity between the parties. On March 10, 2021, Plaintiff filed the FAC and emailed it to counsel for Defendants. The FAC is removable on its

DEFENDANTS' NOTICE OF REMOVAL - 4
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

face, thus the 30-day removal window began on March 10, 2021.  Accordingly, this notice is timely filed pursuant to 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999).

**B.      Venue**

12.     This action was originally brought in the Superior Court of Washington for King County.  Pursuant to 28 U.S.C. § 1441(a) removal to this District is proper because the Superior Court of Washington for King County is geographically located within the boundaries of the Western District of Washington.

**C.      Plaintiff's Case Is Styled as a Class Action**

13.     The term "class action" is defined under the statute as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  Plaintiff styles his FAC as a class action.  Plaintiff purports to bring it "on behalf of himself and all others similarly situated," alleging a putative Class and Sub-Class, stating class allegations, and seeking an order certifying the proposed Class or Sub-Class.  FAC, ¶¶ 42-53; and Prayer for Relief, pp. 26-27.  Although Defendants dispute that Plaintiff can meet the requirements under Federal Rule of Civil Procedure 23 for certifying his purported Class or Sub-Class, and dispute any amount owing to Plaintiff or the alleged Class or Sub-Class, this lawsuit qualifies as a "class action" under CAFA.

**D.      Minimal Diversity Exists**

14.     Removal is proper where at least one class member is diverse from at least one defendant.  28 U.S.C. § 1332(d).  As alleged in the FAC, Plaintiff resides in King County, Washington.  FAC, ¶ 2.

15.     For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The FAC alleges the following with respect to the defendants in the action:

DEFENDANTS' NOTICE OF REMOVAL - 5
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX:  415.434.3947

      a.    Defendant Sur La Table, Inc. is a corporation chartered under the laws of the State of Washington with its principal place of business in Seattle, Washington;

      b.    Defendant SLT Holdco, Inc., is a corporation chartered under the laws of the State of Delaware with its principal place of business in Seattle, Washington;

      c.    Defendant SLT Lending SPV, Inc., is a corporation chartered under the laws of the State of Delaware with its principal place of business in Merrillville, Indiana;

      d.    Defendant SLT IP Holdings, LP, is a limited partnership chartered under the laws of the State of Delaware with its principal place of business in New York, New York; and

      e.    Defendant CSC Generation Holdings, Inc., is a corporation chartered under the laws of the State of Delaware with its principal place of business in Merrillville, Indiana.

FAC, ¶¶ 2-7.

16. Plaintiff's purported Class includes "[a]ll residents of the United States of America who received a commercial email that: (1) was transmitted by or at the behest of Sur La Table on or after December 10, 2020, and (2) contained in the subject line the phrase 'xx% Off Your Purchase,' 'xx% Off Your Order,' 'xx% Off One Item,' or similar language." *Id.*, ¶ 42.

17. Plaintiff's purported Sub-Class includes "[a]ll residents of the State of Washington who received a commercial email that: (1) was transmitted by or at the behest of Sur La Table on or after December 10, 2020, and (2) contained in the subject line the phrase 'xx% Off Your Purchase,' 'xx% Off Your Order,' 'xx% Off One Item,' or similar language." *Id.*, ¶ 44.

18. Although Plaintiff purports to assert his claims against numerous "Doe" defendants, the citizenship of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332; *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("unknown defendants sued as 'Does' need not be joined in a removal petition."). Thus, the existence of Doe defendants 1 through 5, named in Plaintiff's FAC, does not deprive this Court of jurisdiction.

19. Accordingly, minimal diversity exists, including between Plaintiff and the

DEFENDANTS' NOTICE OF REMOVAL - 6
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

Defendant SLT Lending SPV, Inc., Defendant SLT IP Holdings, LP, and Defendant CSC Generation Holdings, Inc.

### E.     The Amount in Controversy Exceeds $5 Million

20.     The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  The Supreme Court recently held that where a complaint does not explicitly specify the amount in controversy, a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold under CAFA.  *Dart*, 135 S.Ct. at 554.  The amount in controversy allegation in a defendant's notice of removal should be accepted as true when not contested by a plaintiff or questioned by the court.  *Dart*, 135 S.Ct at 553.  If the court is uncertain about whether all matters in controversy meet the $5,000,000 jurisdictional threshold under CAFA, "the court should err in favor of exercising jurisdiction over the case." *Kearns v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 41614, *19 (C.D. Cal. Nov. 18, 2005) (citing Senate Judiciary Committee Report, S. REP. No. 109-14).

21.     Here, Plaintiff purports to represent a Class of all United States residents who received certain emails, which Plaintiff alleges "easily comprises tens of thousands of people."  FAC, ¶ 47.  Plaintiff purports to represent, in the alternative, a Sub-Class of all State of Washington residents who received certain emails, which Plaintiff alleges "easily comprises thousands of people."  *Id.*  Plaintiff alleges that he has received at least 22 emails as of the date of the FAC for which he seeks statutory damages, and alleges that Defendants continue to violate CEMA by sending commercial emails.  *Id.* ¶¶ 1, 39.  Plaintiff further alleges that his "claims are typical of Class or Sub-Class members' claims" because Plaintiff and the Class and Sub-Class members all received the alleged emails from Defendants.  *Id.*, ¶ 51.  Plaintiff seeks to recover, on behalf of either the Class or Sub-Class, statutory damages of $500 per Class or Sub-Class member per email sent to that member.  *Id.*, Prayer for Relief, p. 26.  Specifically, Plaintiff alleges that the statutory damages should be calculated "by multiplying $500 times the number of unlawful

DEFENDANTS' NOTICE OF REMOVAL - 7
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

Emails times the number of people in the Class or Sub-Class who received the Emails." *Id.* Plaintiff therefore seeks statutory damages of, at a minimum, $110,000,000 on behalf of the Class, and $11,000,000 on behalf of the Sub-Class. In addition, Plaintiff seeks actual damages, nominal damages, and attorneys' fees, in an uncertain amount, on behalf of the Class or Sub-Class. Defendants deny that Plaintiff and the putative Class or Sub-Class have been harmed in any way or that they are entitled to any damages of any type. However, for the purposes of determining the amount in controversy under CAFA, Plaintiff's allegations place at issue an amount that far exceeds CAFA's $5,000,000 threshold.

22. Additionally, Plaintiff seeks attorney's fees, costs and pre-judgment and/or post-judgment interest. FAC, Prayer for Relief, p. 27. Although Defendants deny that Plaintiff is entitled to any such sums, the Court should take attorney's fees into account in ascertaining the amount in controversy even where an award is discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

23. Plaintiff also seeks injunctive relief and/or other equitable relief. FAC, Prayer for Relief, pp. 26-27. The cost of complying with injunctive relief may be considered in determining the amount in controversy. *BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002).

24. Finally, although Defendants deny that Plaintiff, or the purported Class or Sub-Class members are entitled to any relief, in determining the amount in controversy, the Court must assume that allegations of the FAC are true and that Plaintiff will ultimately prevail on all claims made in the FAC. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.3d 1199, 1204-05 (E.D. Cal. 2008) ("the ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe."). Therefore, Plaintiff's broadly alleged claims for monetary and injunctive relief place more than $5,000,000 at issue in this action.

**F.    The Putative Class Far Exceeds 100 Members**

25. CAFA requires that the proposed class includes at least 100 members. 28 U.S.C. §

DEFENDANTS' NOTICE OF REMOVAL - 8
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 FAX: 415.434.3947

1332(d)(5)(B). Although Defendants dispute Plaintiff's class allegations, and deny that the class is ascertainable, the FAC alleges that the Class "easily comprises tens of thousands of people," that the Sub-Class "easily comprises thousands of people," and that "Class and Sub-Class members are so numerous that joinder of all members is impracticable." FAC, ¶ 47. Defendants dispute Plaintiff's allegations, but nonetheless, the number of individuals who were sent the subject emails far exceeds 100. Therefore, CAFA's class size requirement is satisfied.

G. **Notice to the Clerk of the State Court and to Adverse Parties, Submission of Process, Pleadings and Orders on File in State Court**

26. Copies of this Notice of Removal promptly will be served on counsel of record for Plaintiff and filed with the Clerk of the Superior Court of Washington for King County as required under 28 U.S.C. § 1446(d). In compliance with 28 U.S.C. § 1446(a), true and correct copies of the Complaint and FAC, along with the remaining pleadings, process, and orders served or filed in this action in the Superior Court of Washington for King County, are attached as Exhibit B to the Declaration of Robert J. Guite filed herewith.

DEFENDANTS' NOTICE OF REMOVAL - 9
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947

## V.

## CONCLUSION

By this notice and attachments, Defendants do not waive any objections they may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Defendants pray that this action be removed to this Court; that all further proceedings in the state court be stayed; and that Defendants obtain all additional relief to which they are entitled.

Dated:  March 18, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       /s/ *Robert J. Guite*
Robert J. Guite, WSBA No. 25753
Attorneys for SLT Holdco, Inc., SLT Lending SPV, Inc., SLT IP Holdings, LP, and CSC Generation Holdings, Inc.

DEFENDANTS' NOTICE OF REMOVAL - 10
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
415.434.9100 Fax: 415.434.3947

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington and the United States, that the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the CM/ECF participants listed below and any non-CM/ECF participants will be served in accordance with the Federal Rules of Civil Procedure:

Daniel M. Hattis
dan@hattislaw.com
Paul Karl Lukacs
pkl@hattislaw.com
Che Corrington
che@hattislaw.com
HATTIS & LUKACS
400 108th Avenue, Suite 500
Bellevue, WA 98004
Tel: 425.233.8650
Fax: 425.412.7171
www.hattislaw.com

Attorneys for Plaintiff Weimin Chen
and the Proposed Class

Executed on the 18th day of March, 2021, at San Francisco, California.

By:    /s/ Robert J. Guite
Robert J. Guite
WSBA No. 25753
Sheppard Mullin Richter & Hampton LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111
Telephone: 415.434.9100
Facsimile: 415.434.3947
E-mail: rguite@sheppardmullin.com
Attorney(s) for SLT Holdco, Inc., SLT Lending SPV, Inc., SLT IP Holdings, LP, and CSC Generation Holdings, Inc.

DEFENDANTS' NOTICE OF REMOVAL - 11
Case No.
SMRH:4849-1866-5440.1

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
415.434.9100 FAX: 415.434.3947